IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KENYATTA COFFIE | : | NO. 23-517 |
| | : | |
| Defendant. | : | |

## MEMORANDUM

**Perez, J.**                                                                                                     **April 10, 2025**

On December 14, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned a one-count indictment against Defendant Kenyatta Coffie for robbery which interferes with interstate commerce in violation of 18 U.S.C. § 1951(a). On October 2, 2024, Mr. Coffie pled guilty to the indictment before this Court. On March 20, 2025, this Court sentenced Mr. Coffie to 60 months of incarceration with a three-year term of supervised release. It is from that judgment that Mr. Coffie appeals. The Court submits this memorandum as a supplement to the record at sentencing, providing further explanation of its decision.

### I.     UNDERLYING FACTS

Shortly after 8:00 a.m. on October 16, 2023, Mr. Coffie entered a Family Dollar store in Philadelphia, Pennsylvania, wearing a mask. Guilty Plea Memo ("Guilty Plea") at 2. Brandishing a pellet pistol, Mr. Coffie demanded a Family Dollar employee give him cash, including money from the safe. *Id.* The Family Dollar employee complied with Mr. Coffie's demands and provided him the cash in a plastic bag. *Id.* Mr. Coffie left the store and drove away. *Id.* Unbeknownst to Mr. Coffie, a GPS tracking device was included in the stolen money. *Id.* ¶ 9. Around 8:45 a.m., Philadelphia police officers found Mr. Coffie driving his car and conducted a traffic stop. *Id.*; Presentence Investigation Report ("PSR") ¶ 9. When officers searched his car, they located the

bag with stolen cash, the pellet gun, and the clothing Mr. Coffie wore inside the store. *Id.*; Guilty Plea at 3.

## II.   CRIMINAL HISTORY

Mr. Coffie is a 54-year-old man with an extensive criminal history. *See* PSR ¶ 72. In 1985, Mr. Coffie was convicted of robbery at the age of 15. *Id.* ¶ 28. In 1989, at the age of 18 and over the course of three arrests, Mr. Coffie was convicted of two drug-related crimes, robbery, burglary, and simple assault. *Id.* ¶¶ 30–37. In 1992, at the age of 21 and over the course of three arrests, Mr. Coffie was convicted of carrying a firearm without a license, robbery, theft by unlawful taking or disposition, possessing instruments of a crime, carrying a firearm without a license, carrying firearms on public streets or public property in Philadelphia, simple assault, and criminal conspiracy. *Id.* ¶¶ 38–47. In 1993, at the age of 22 following a single arrest, Mr. Coffie was convicted of robbery, theft by unlawful taking or disposition, possessing instruments of crime, carrying a firearm without a license, carrying firearms on public streets or public property in Philadelphia, and criminal conspiracy. *Id.* ¶ 48. In 2001, at the age of 31, Mr. Coffie was convicted of possession of a firearm by a convicted felon. *Id.* ¶ 50. For this 2001 conviction, the Honorable Mary A. McLaughlin of the United States District Court for the Eastern District of Pennsylvania sentenced Mr. Coffie to 235 months of imprisonment and five years of supervised release. *Id.*

While incarcerated for the 2001 conviction, Mr. Coffie received several disciplinary infractions for "conducting a gambling pool"; "refusing to obey an order, being unsanitary or untidy, and disruptive conduct – moderate"; "possessing a hazardous tool"; "refusing work program assignment"; and "being absent from assignment." *Id.* ¶ 53. On December 19, 2019, Mr. Coffie was transferred from the Federal Correctional Institution in Edgefield, South Carolina, to a

residential reentry center in Philadelphia. *Id.* ¶ 55. On April 20, 2020, Mr. Coffie was released from the residential reentry center and began his five-year term of supervised release. *Id.* ¶ 56.

Six months after his release, on November 7, 2020, the Philadelphia police department arrested Mr. Coffie and charged him with drug-related offenses in the Philadelphia County Court of Common Pleas. *Id.* Because of this arrest, Mr. Coffie appeared in the United States Magistrate Court for the Eastern District of Pennsylvania for a revocation detention hearing and was released from custody on bail conditions, including home confinement. *Id.* Mr. Coffie sustained several infractions while on home confinement and, on November 24, 2021, his bail was revoked, and he was detained. *Id.* On March 21, 2023, the Philadelphia County charges were nolle prossed. *Id.* On April 3, 2023, Mr. Coffie was found in violation of his supervised release and sentenced to a term of imprisonment of time served followed by a three-year term of supervised release. *Id.* About six months later, Mr. Coffie was arrested for the underlying offense. *Id.* ¶ 57. He has a violation of supervised release hearing pending. *Id.*

### III. SENTENCING

When it comes to sentencing, "the [Sentencing] Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The parties agree that the applicable guidelines range is 37-46 months—the base offense level is 20 and Mr. Coffie is in criminal history category II. In moving for an upward variance, the Government argued that this guidelines range does not appropriately reflect Mr. Coffie's violent criminal history "and provides him with an unwarranted benefit where he committed an additional robbery after serving a lengthy federal sentence." Gov't Sent. Memo at 2. The Court agrees.

Under U.S.S.G. § 4A1.2(e)(3), any prior felony sentence that was not imposed within fifteen years of the instant offense is not counted toward the defendant's criminal history score.

Because Mr. Coffie was incarcerated for nearly 20 years between 2001 and 2020, not all of his offenses count toward his criminal history score under the Guidelines, resulting in a score that does not reflect the totality of his criminal history.

"The Guidelines are not the only consideration, however." *Gall*, 552 U.S. at 49. This Court decided to vary upward from the Guidelines range based on the relevant sentencing factors under 18 U.S.C. § 3553(a),[1] including Mr. Coffie's lengthy criminal history; his propensity to commit crime while on supervised release or bail conditions; the Court's concern that incarceration would not deter him from reoffending on release; his long-standing history of drug use; the Court's need to provide a sentence that would promote respect for the law; and the Court's duty to protect the public. In considering Mr. Coffie's criminal history, this Court was particularly concerned by his age at the commission of the instant offense. Mr. Coffie has committed violent crimes since the age of 15 and continues to do so now at 54 years old. Mr. Coffie has struggled with substance abuse since 1988, but he has never participated in any substance or alcohol abuse treatment, including while incarcerated.

---

[1] The factors set forth in 18 U.S.C. § 3553(a) are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... ;
(5) any pertinent policy statement ... issued by the Sentencing Commission ... [that] is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

After spending significant time in custody for violent crimes, Mr. Coffie was released from prison and committed a terrorizing robbery against victims who were strangers to him. Despite having substantial familial support, Mr. Coffie has consistently returned to violent crime to obtain money and/or fuel his addiction. Mr. Coffie's behavior, notwithstanding the several supportive factors in his life, further the Court's apprehension about whether prison will ever successfully deter him from committing violent acts. Prison, however, is the Court's only remedy for protecting the public from any further crimes Mr. Coffie may commit.

For these reasons, this Court granted the Government's motion for an upward variance and sentenced Mr. Coffie to 60 months of imprisonment followed by a three-year term of supervised release.